UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**GENWORTH LIFE AND ANNUITY**
**INSURANCE COMPANY,**

v.            Case No: 5:19-cv-73-Oc-30PRL

**LORETTA WALPOLE, DAVID D**
**JASIN and LISA THROCKMORTON,**

    **Defendants.**

# ORDER

On September 26, 2019, Defendants David A. Jasin and Lisa Throckmorton served their First Interrogatories to Cross Defendant/Defendant Loretta Walpole. After an agreed upon extension of time, Ms. Walpole served answers to the interrogatories. The interrogatories, however, were answered and signed by Ms. Walpole's counsel, Henry G. Ferro, in violation of Fed. R. Civ. P. 33(b), which requires interrogatories to be answered <u>by the party</u> to whom they were served, and also signed by the answering party – in this case that person should have been Ms. Walpole. (Doc. 35 at 8-9). Accordingly, Defendants Jasin and Throckmorton filed the instant motion to compel. (Doc. 35). Defendant Walpole has failed to file any response to the motion, and her time to do so has passed.

Upon due consideration, Defendants' motion to compel (Doc. 35) is **GRANTED**. Within **ten (10) days** of this Order, Defendant Walpole shall serve on Defendants Jasin and Throckmorton signed answers to the First Interrogatories.

With regard to the request for sanctions, the Court finds that an award against Defendant Walpole is mandated by Rule 37(a)(5)(A).[1] Where, as here, the motion to compel is granted, and is caused by the failure of a party to provide responsive answers to discovery requests, the Court is required to award the fees and expenses incurred in filing the motion. Only if the Court determines that the motion was filed without the moving party having made a good faith effort to obtain the discovery without court action, that the response of the non-moving party was substantially justified, or where other circumstances make an award of expenses unjust, is the Court authorized to deny the request for sanctions. None of these exceptions are presented here. Indeed, before filing this motion, counsel for Defendants Jasin and Throckmorton corresponded with counsel for Defendant Walpole via email and telephone in efforts to obtain properly signed answers. Further, despite having an opportunity to respond, Defendant Walpole has <u>not</u> filed a response or offered any explanation as to why she has not provided properly signed answers. For these reasons, Defendants Jasin and Throckmorton are entitled to reimbursement for the fees and expenses incurred in preparing and filing the instant motion.

Accordingly, Defendant Walpole is hereby ordered to pay to Defendants Jasin and Throckmorton the reasonable expenses and attorney's fees incurred in preparing and filing the instant motion. Within **ten (10) days** of this Order, Defendants Jasin and Throckmorton shall submit an affidavit detailing the reasonable expenses and fees incurred in preparing and filing the instant motion. To the extent that Defendant Walpole objects to the amount of expenses and fees claimed, she shall file a response within **ten (10) days** of service of the affidavit. Upon receipt of

---

[1] *See* Fed. R. Civ. P. 37(a)(5)(A)(If [a motion to compel discovery] is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court *must* . .. require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees . . ." (emphasis added).

the affidavit and any objections by Defendant Walpole, the Court will enter an appropriate award or, if necessary, set the matter for an evidentiary hearing.

**DONE** and **ORDERED** in Ocala, Florida on January 9, 2020.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties